

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-6481
Re: Is the Comptroller of
Public Accounts au-
thorized to issue war-
rants in payment of
properly approved claims
against the contingent
expense appropriation
of the Legislature cover-
ing certain items of
expense?

      We are in receipt of your opinion request of recent
date reading as follows:

     "Is this department authorized to issue war-
rants in payment of properly approved claims against
the contingent expense appropriation of the Legisla-
ture covering items of expense as follows, to-wit:

"a.  Flower offerings to the sick wife
of a member of the Legislature?

"b.  Flower offering to a sick member
of the Legislature?

"c.  Flower spray for the funeral of a de-
ceased member, for the funeral of a
deceased wife, or for the funeral of
an employee or an official of the
Legislature who is not an elected
member thereof?

"d.  Messages of congratulations or condol-
ences to members of the Legislature
or to State officials?

"e.  Bouquets of flowers to be used by the
wives of members of the Legislature

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, page 2

at the Governor's reception or at the Governor's inauguration?

"f.   Flower offerings, congratulatory mes-
sages, or messages of condolence to any
person who is not a member of the Legis-
lature or who is a private individual?"

Section 3 of Article 8 of the Texas Constitution pro-
vides as follows:

"Taxes shall be levied and collected by
general laws and for public purposes only."

Section 51 of Article 3 of the Texas Constitution pro-
vides, in part, as follows:

"The Legislature shall have no power to make
any grant or authorize the making of any grant of
public money to any individual, association of in-
dividuals, municipal or other corporations whatso-
ever, * * **"

Section 6 of Article 16 of the Texas Constitution pro-
vides as follows:

"No appropriation for private or individual
purposes shall be made.  A regular statement, under
oath, and an account of the receipts and expenditures
of all public money shall be published annually, in
such manner as shall be prescribed by law."

The Supreme Court in Terrell, Comptroller, v. King, 14
S. W. (2d) 786, 792, defines and limits the authority of the Legis-
lature in expending money from its contingent expenses as follows:

"It is manifest that certain expenditures must be made by the state, in the way of legislative expenses, or the grant of legislative power could never be effectually exercised. No one would question legislative disbursements for comfortable assembly halls and committee rooms, or for clerks, stationery, etc. Within the same category of legitimate expenses of the Legislature or of either house comes reimbursement to members for actual expenses reasonably incurred in order to perform duties devolving on duly authorized committees of the Legislature, or of either house, when such committee members are called to other points than the capital, or when called to the capital otherwise than during the sessions of the Legislature."

In Terrell, Comptroller, v. Middleton, 187 S. W. 367, 372, (writ of error denied), the Court, in construing the provisions of Article 16, Section 6 of the Constitution of the State of Texas, relative to an appropriation for the Governor's Mansion, in defining the difference in appropriating money for public purposes and private purposes, stated as follows:

"Considering the circumstances under which the convention met, the evils sought to be remedied and the ends to be accomplished, as well as the personnel of the members, it cannot reasonably be held that it ever entered the mind of any member that the Governor, under the guise of maintaining the Governor's mansion, would be voted groceries to maintain his household, would be voted food and care of the Governor's horses, gasoline and repairs for his automobile, would be voted embossed cards and printed invitations to his social functions, and liquors, meat, vegetables, and fruits for his table. * * *

"Clearly, the items for which the comptroller sought and desired to issue state warrants, and from which action he was restrained, were for private and individual purposes, and not for the public good, and the appropriation made for that purpose by the Legislature was directly in the face of article 16, section 6, of the Constitution, which commands that 'no appropriation for private or individual purposes shall be made.' The articles named were clearly not for the

Governor in his official capacity, but for his individual satisfaction and gratification. No governmental or official object would be obtained by feeding and shoeing his horses, by repairing and furnishing gasoline for his automobile, or by furnishing groceries or other luxuries for him to consume. * * *"

In our Opinion No. O-714, dated May 1, 1939, you were advised that the above quoted provisions of the Constitution would not permit the Comptroller to issue a warrant in payment of funeral expenses of a janitor who was on the payroll of the State Senate at the time of his death.

In consideration of said constitutional provisions and authorities above referred to, it is the opinion of this department that you are not authorized to issue warrants covering the items of expense set out in detail in your request.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. J. Long

R. J. Long
Assistant

RJL:EP



APPROVED
OPINION
COMMITTEE
BY